IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CORTELCO SYSTEMS OF P.R. INC.

Plaintiff

vs                                                      CIVIL 09-1371CCC

PHONEWORKS, INC. AND RONALD E.
MASSIE

Defendants

## OPINION AND ORDER

The complaint before us alleges that plaintiff Cortelco Systems Puerto Rico, Inc.,

(Cortelco) a Puerto Rico corporation,

> has been injured in business and property by the defendants'
> conspiracy and blatant violation of the Clayton Act, 15 U.S.C.
> §15, et.seq.  In particular, in the summer of 2008 defendant
> Phoneworks principals Andrés Romero and Ronald Massie met
> with representatives of Cortelco to purchase controlling stock of
> the publicly traded company with an effort to monopolize the
> public telephone systems in Puerto Rico.

Complaint, docket entry 1, at ¶5.

In the same paragraph plaintiff, a reseller of telephone lines that provides defendants

with the lines for their public phones, alleges that

> Phoneworks failed to pay for services invoiced and presently
> owes Cortelco the sum of $383,162.11, which Phoneworks has
> not paid.  Cortelco alleges that the failure of payment is in part
> an effort to bring down the value of the shares of Cortelco in an
> effort to obtain control and monopolize the public telephone lines
> throughout Puerto Rico.

Plaintiff's first cause of action is the monopolization and anti-trust claim under the

Clayton Act related to allegations regarding the public telephone service system.  Its second

cause of action is for breach of contract and collection of money arising from the alleged

$383,162.11 debt.

CIVIL 09-1371CCC                              2

Phoneworks filed its answer to the complaint on September 28, 2009 (docket entry 17), that included a counterclaim.  It also filed a third-party complaint against Pan-American Telephone Co, Inc. (docket entry 20).

The case is now before us on two motions to dismiss filed by defendants Phoneworks, Inc, and Ronald Massie (**docket entries 9 and 16** respectively).  Plaintiff opposed Phoneworks' motion (docket entry 12).  Massie's motion, filed on September 16, 2009, for which an extension of time to respond was not requested, remains unopposed.

**Motion to Dismiss Standard**

Phoneworks bases its motion to dismiss on two subsections of Rule 12(b). It first argues that the purported claim under the Clayton Act must be dismissed for failure to state a claim under Rule 12(b)(6).  It also raises, with regard to the supplemental claim for collection of monies, a lack of diversity jurisdiction requiring dismissal of that claim under Rule 12(b)(1).

When addressing a motion to dismiss brought under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor." Doyle v. Hasbro, Inc., 103  F.3d 186, 190 (1st Cir. 1996).  Dismissal under Rule 12(b)(6) is "appropriate if the facts alleged, taken as true, do not justify recovery." Id.

Simply stated, the Court must look leniently at the allegations in the plaintiff's complaint and determine if those allegations "can reasonable admit a claim." Id.  Plaintiff must set forth in the complaint "factual allegations, either indirect or inferential, regarding each material element, necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).  The facts alleged in such a complaint must still be sufficient to state a claim.  See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Barr v. Abrama, 810 F.2d 358, 363 (2nd Cir. 1987).

CIVIL 09-1371CCC                                        3

Although the Court should generally accept well-pleaded allegations as true for purposes of dismissal, it is not obligated to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  "The pleading standard Rule 8 announces does not require 'detailed factual allegations but it demands more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation." Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2008).  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Bell Atlantic v. Twombly, at 570.  The court must be able to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id., at 556.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."

Iqbal, supra, at 1949.


**Analysis**

Most outstanding on the face of the complaint is the paucity of relevant and material factual allegations.[1]  The only such allegations are as follows:

1) Cortelco is a public corporation organized under the laws of the Commonwealth of Puerto Rico.  (¶1)

2) Phoneworks is a corporation organized under the laws of Delaware.  (¶2)

---

[1]Three paragraphs of the complaint are devoted to the alleged criminal connections of defendant Massie and his relationship with the co-defendant.

CIVIL 09-1371CCC                              4

3) Cortelco is a reseller of telephone lines and provided defendants with the manner and means to connect the public telephones in Puerto Rico.  (¶5)

4) Plaintiff provided 2600 telephone lines to defendant Phoneworks under a communications services agreement dated February 20, 2007.  (¶14)

5) Defendant Phoneworks failed to pay for services invoiced and presently owes Cortelco the sum of $383,162.11, which Phoneworks has not paid.  (¶5)

The factual allegations listed above plead a cause of action under Puerto Rico law for breach of contract and collection of monies that may be heard by this court pursuant to diversity jurisdiction, or supplemental jurisdiction.  In an effort to turn these facts into an antitrust claim under the Clayton Act, plaintiff has included the following:

> Plaintiff Cortelco has been injured in business and property by the defendants conspiracy and blatant violation of the Clayton Act 15 U.S.C. §13 et seq.  In particular, in the summer of 2008 defendant Phoneworks principals Andrés Romero and Ronald Massie met with representatives of Cortelco to purchase controlling stock of the publicly traded company with an effort to monopolize the public telephone systems in Puerto Rico.

Complaint, at ¶5.  Plaintiff also avers, "Cortelco alleges that the failure of payment is in part an effort to bring down the value of the shares of Cortelco in an effort to obtain control and monopolize the public telephone lines throughout Puerto Rico."  Id.

Although mentioning Twombly in passing in its opposition, Cortelco responds that its obligation is simply to notify its opponents of the claim and the relief requested to such degree that the defendant is able to formulate a response, and that

> [t]he rule encourages brevity, the complaint must say enough to give notice of what the complaint is and what the grounds upon (sic) see, Tellabs, Inc. v. Maker Issues & Rights Ltd., 127 S.Ct. 2499 (U.S. 2007).  The rule encourages brevity, the complaint specifically inform[s] the claims [are brought] under the Clayton Act based on monopolization of the public telephone systems in Puerto Rico. The relief is clear a certain sum (sic) of money

CIVIL 09-1371CCC                                    5

> $383,162.11 plus attorney [fees,] costs and treble damages per
> Clayton Act, see prayer of relief at page 5&6.[2]

Opposition at ¶4.

Cortelco's pleading, that it "has been injured in business and property by the defendants' conspiracy and blatant violation of the Clayton Act 15 U.S.C. §13 et seq." to which plaintiff refers as allegations supporting its Clayton Act claim, is <u>exactly</u> that type of conclusory statement to which <u>Twombly</u> and <u>Iqbal</u> refer as "the defendant-unlawfully-harmed-me" accusation.  While plaintiff recites Massie's purported criminal history and connections, conclusorily states that he is the alter ego of Phoneworks, and speculates that defendants wanted to buy controlling shares of Cortelco in order to create a monopoly, these averments are nothing more than conjecture, irrelevant statements or unsupported conclusions of law. An antitrust plaintiff bears the burden of showing that an alleged antitrust violation was a material cause of its injury, a substantial factor in the occurrence of damage or that the violation was the proximate cause of the damage.  <u>Comwood Co., L.P. v. U.S. Tobacco Co.</u>, 290 F3d. 768, 788-89 (6th Cir. 2002).  The only damages that Cortelco seeks, tripled under the Clayton Act, are the $383,162.11, which is the  amount claimed as owing under the service contract.

Accordingly, the Court finds that plaintiff has failed to plead a cause of action under the Clayton Act.


**Diversity Jurisdiction**

Phoneworks also seeks dismissal of the state claim for collections of moneys, contending that there is no diversity and that, in light of the court's dismissal of the federal

---

[2]The relief requested in the complaint, at pp. 5-6, include:  "A. Recover threefold the damages sustained by the individual plaintiffs, and the cost of suit, including a reasonable attorney's fee" and Judgment in the amount of $383,162.11 plus attorney fees and costs under the second cause of action."

claim, the supplemental claim should also be dismissed.  As grounds for its assertion that diversity is lacking, defendant states that although it is incorporated in Delaware, "Phoneworks' **ONLY** place of business is Puerto Rico.  Phoneworks' only offices, only employees, and only assets are located within the territorial boundaries of Puerto Rico." Motion to Dismiss, p.4 (emphasis in the original).  Attesting to these facts is an attached Statement Under Penalty of Perjury of Mr. Andres Romero Dest, president of Phoneworks.

It is hornbook law that the burden of proof is on the party attempting to sustain diversity jurisdiction.  Toste Farm Corp. Vv. Hadbury, Inc., 70 F.3d. 640, 642 (1st Cir. 1995). See, also, Palmas Del March Homeowners Ass'n, Inc. v. Fox, 2008 WL 901950, *5 (D. Puerto Rico 2008); Del Rosario-Ortega v. Star-Kist Caribe, Inc., 130 F. Supp. 2d 277, 280 (D.Puerto Rico  2001).  Once jurisdictional allegations are challenged, the party asserting diversity has the burden of establishing those allegations with competent proof.  Id. Competent proof means "proof to a reasonable probability that jurisdiction exists."  Target Market Pub., Inc. v. ADVO, Inc., 136 F.3d. 1139, 1141(7th Cir. 1998).  Proof that the parties are citizens of different states must be shown by a preponderance of the evidence.  Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Plaintiff submits two exhibits to refute the statement by Phoneworks' president. Cortelco's first exhibit is the Declaration of Brian Healy, made under penalty of perjury on August 23, 2006, in San Juan, Puerto Rico.  The first sentence of the declaration states that Healy is making these statements "under personal knowledge and belief[3] under penalty of perjury."  Healy's declaration fails to identify who he is, what his relationship to defendants is or any other information that would lend support to his claim of personal knowledge.  The contents consist of no more than vague conclusory statements, e.g.: "2. I know Phoneworks,

---

[3]Moreover, facts based on belief are insufficient to create an issue of fact.  See e.g., Walker v. Tyler Country Com'n., 11 Fed. Appx. 270 (4th Cir. 2001) (a verified complaint that alleges facts that are made on belief or information and belief is insufficient to oppose summary judgment.

CIVIL 09-1371CCC                    7

Inc.'s corporate structure and corporate officers;" "5. They also have maintained assets in Florida where they collected revenues from long distance operator assisted calls . . .;" and "I have personal knowledge that Phoneworks, Inc. has assets in Texas and derives a substantial amount of their income by way of overcharges for long distance operator assisted calls processed and billed in Texas and has also used billing in Florida."

The lack of substance of this statement, as well as of relevant information, makes it unworthy of consideration and lacking weight sufficient to meet the preponderance-of-evidence standard required to support diversity of the parties, and to rebut the declaration of Phoneworks' officer.

The second supporting document appears to be a computer print-out headed "Entry Details," with no official seal or source identification, that lists the Entity Name as Phoneworks, Inc.  The paper reflects that Phoneworks is a general domestic corporation of Delaware.  The registered agent information lists EBL Financial Services, Inc., with an address.  It states that the "Last Annual Report Filed:  2007;" "Tax Due:  $190.78;" "Annual Tax Assessment: $75.00."  This paper has no value as supporting evidence.  Even if signed, sealed, and admissible as a public record, its contents, beyond Phoneworks' incorporation in Delaware, which is uncontested, supports only that the defendant has a tax debt and is delinquent in filing its annual reports–two facts entirely irrelevant to the jurisdictional issue.

Cortelco having failed to sustain is burden of proving complete diversity between plaintiff and defendants by a preponderance of the evidence, the dismissal of the remaining breach of contract claim under Puerto Rico law is proper.

For the above-stated reasons, Phoneworks' Motion to Dismiss (**docket entry 9**) is GRANTED.  Cortelco's claim under the Clayton Act is DISMISSED with prejudice and its breach of contract claim is Dismissed without prejudice.  Phoneworks' Third-Party Complaint against Pan-American Telephone Co., Inc. (Pan-American) for damages is also DISMISSED, without prejudice, inasmuch as there is no diversity jurisdiction between Phoneworks and

CIVIL 09-1371CCC                                        8

Pan-American, and there is no federal cause of action.  The entire action having been dismissed, Massie's Motion to Dismiss Complaint Under Fed.R.Civ.P. 4(m) (**docket entry 16**) is MOOT.

SO ORDERED.

At San Juan, Puerto Rico, on November 20, 2009.


S/CARMEN CONSUELO CEREZO
United States District Judge